UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rwachsberg Holdings, Inc., an Ontario corporation;<br><br>Plaintiff,<br><br>vs.<br><br>Madonna Louise Veronica Ciccone, an individual; MG Icon, LLC, a Delaware limited liability company; Material Girl Brand, LLC, a Delaware limited liability company,<br><br>Defendants. | **COMPLAINT**<br>(Jury Trial Demanded) |

COMES NOW Rwachsberg Holdings, Inc. ("Rwachsberg") ("Plaintiff") as and for its Complaint against Madonna Louise Veronica Ciccone ("Madonna"), MG Icon, LLC ("MG Icon"), and Material Girl Brand, LLC ("Material Girl Brand") (Madonna, MG Icon and Material Girl Brand individually a "Defendant" and collectively "Defendants") states and alleges as follows:

### NATURE OF CLAIMS

1. This case involves Defendants' planned manufacture, distribution, and offering for sale of personal care products and bed and bath furnishings under the mark MATERIAL GIRL that infringe Plaintiff's rights in its federally registered trademark MATERIAL GIRLS® for personal care products.

SCANNED
NOV 0 8 2010
U.S. DISTRICT COURT MPLS

2. This action seeks injunctive relief for (i) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, et seq.; (ii) federal unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); (iii) deceptive trade practices in violation of MINN. STAT. § 325D.4; and (iv) common law unfair competition, as well as (v) declaratory relief that Defendants' planned use of the MATERIAL GIRL mark constitutes trademark infringement pursuant to 28 U.S.C. §§ 2201, et seq.

## PARTIES

3. Plaintiff Rwachsberg is an Ontario corporation with a business address of 20 Graniteridge Road, Concord, Ontario, L4K 5M8, Canada.

4. Defendant Madonna is an individual and citizen of the United States. Upon information and belief, Defendant Madonna is a resident of New York, New York.

5. Upon information and belief, Defendant MG Icon is a Delaware limited liability company with a business address of 1450 Broadway, New York, New York 10018. More specifically, Defendant MG Icon is in the business of procuring brands, protecting them, and earning licensing revenue from them.

6. Upon information and belief, Defendant Material Girl Brand is a Delaware limited liability company with a business address of 10100 Santa Monica Blvd., Los Angeles, California 90067.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 1367, and 28 U.S.C. §§ 2201 and 2202. The claims alleged in this Complaint arise under the Lanham

Act, 15 U.S.C. § 1051, *et seq.*, MINN. STAT § 325D.44, *et seq.*, Minnesota Common Law, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because at least two of the Defendants reside in this judicial district and a substantial part of the events giving rise to Plaintiff's claim, namely Defendants' promotion and sale of their MATERIAL GIRL brand line of goods, occurred in this judicial district.

## FACTS

9. Plaintiff, through a related entity, is a leading developer of high quality private label personal care and household products. Plaintiff, through a related entity, has been engaged in the business of manufacturing and selling private label personal care and related products in the United States since 1992.

10. The aforementioned private label personal care and household products are marketed and sold nationwide in major retailers including Target (headquartered in this judicial district), Wal-Mart, and CVS (both with substantial retail outlets in this judicial district) and have been sold through these and similar outlets since at least 1992.

11. Plaintiff began using its MATERIAL GIRLS® trademark at least as early as November of 2005 in connection with personal care products.

12. In addition to its common law rights in the MATERIAL GIRLS® mark, Plaintiff is the owner of United States Registration No. 3,797,628 for MATERIAL GIRLS for use in connection with "Non-medicated personal care products, namely, shampoos and hair conditioners, skin moisturizers, human body conditioning and skin treatment lotions, human body conditioning and skin treatment creams, anti-aging and

stretch mark creams, lotions and creams for hands, nails, skin, face, hair, varicose veins, foot and leg muscles and joints, depilatory lotions and creams, shaving lotions and creams, non-medicated skin care preparations, namely, lotions and creams for treating dry and damaged skin, anti-aging, firming, anti-wrinkle, stretch marks, under eye and eyelid firming; gels, namely, depilatory gels, shaving gels, shower gels, moisturizing and anti-aging gels, stretch mark gels, oils, namely, bath oils, body oils, cosmetic oils, and nutritional oils for cosmetic purposes, non-medicated human body serums, petroleum jelly for cosmetic purposes, cosmetic sun protection creams, soaps, liquid soaps, bar soaps, anti-bacterial liquid soaps, anti-bacterial bar soaps, hand sanitizers, human body sprays, refresher body sprays, body washing soaps bubble bath; body and facial scrubs, masks, namely, beauty masks, facial masks, body masks, gel eye masks, skin masks, and skin moisturizer masks, face peels, non-medicated skin care preparations, and wrinkle removing skin care preparations, sun creams and lotions with and without SPF including sunless tanning cream, sunblock, talcum powder," among other goods (the "MATERIAL GIRLS® Registration").

13.   Plaintiff's nationwide constructive use date for the MATERIAL GIRLS® mark is its filing date of November 3, 2005, and the MATERIAL GIRLS® Registration issued on June 1, 2010. The MATERIAL GIRLS® Registration is valid and subsisting. Attached hereto as Exhibit A is a true and correct copy of the Certificate of Registration for the MATERIAL GIRLS® Registration.

14.   Plaintiff has made substantial and bona fide investment in its MATERIAL GIRLS® brand and mark for personal care and related products. Since November of

2005, Plaintiff has offered the MATERIAL GIRLS® branded line of personal care products for sale to national retailers, such as Target, Wal-Mart, and CVS.

15. Since long prior to the acts of the Defendants complained of herein, Plaintiff has continuously promoted its MATERIAL GIRLS® mark in commerce in the United States on and in connection with personal care products.

16. In addition, Plaintiff advertises its line of personal care products at the domain name <materialgirlsconsumerproducts.com>. Attached as Exhibit B is a true and correct copy of a print-out of the website available at Plaintiff's <materialgirlsconsumerproducts.com> domain name.

17. Plaintiff has nationwide common law rights to its MATERIAL GIRLS® mark predating Defendants' usage of and plans to use the MATERIAL GIRL mark.

18. To create and maintain goodwill among its customers, Plaintiff has taken great steps to ensure that the personal care and related products bearing its MATERIAL GIRLS® mark are of the highest quality.

19. Defendants use and/or have taken steps and intend to use the nearly identical mark MATERIAL GIRL in connection with personal care products and bed and bath furnishings without Plaintiff's authorization or consent.

20. Defendant Madonna is an international pop singer.

21. Upon information and belief, Defendant Madonna collaborated in the design and creation of a line of goods to be offered under the MATERIAL GIRL mark, including but not limited to clothing, fashion accessories, personal care products, and bed and bath furnishings (the "MATERIAL GIRL Brand Line of Goods").

22.     Upon information and belief, Defendants' Material Girl Brand and MG Icon are entities formed in connection with Madonna and for the purpose of manufacturing, marketing, and distributing the MATERIAL GIRL Brand Line of Goods.

23.     On or about August 2010 Defendants began offering some or all of the MATERIAL GIRL Brand Line of Goods in over 800 Macy's department stores across the United States, including in Minnesota and this judicial district, with actual knowledge of Plaintiff's prior federally-registered rights and interest in the MATERIAL GIRLS® trademark.

24.     Upon information and belief, Defendants have promoted some or all of the MATERIAL GIRL Brand Line of Goods via print advertisements, television and the Internet around the United States, including in Minnesota and within this judicial district. In addition, Defendants promote some or all of the MATERIAL GIRL Brand Line of Goods on the Internet at <http://materialgirlcollection.com/>.

25.     Notwithstanding Plaintiff's prior common law and statutory rights in the MATERIAL GIRLS® trademark, Defendants adopted, used and/or have a sworn intent to use the nearly identical MATERIAL GIRL mark, or have knowingly contributed to the adoption, use, and/or planned use of the infringing MATERIAL GIRL mark, with actual knowledge of Plaintiff's prior rights in the MATERIAL GIRLS® trademark, from at least March 9, 2010.

26.     On December 4, 2009, prior to the launch of some or all of the MATERIAL GIRL Brand Line of Goods, Defendant Material Girl Brand filed an intent-to-use trademark application, U.S. Application Serial No. 77/886,045, for use in connection

with clothing, fashion accessories and personal care products ("the '045 Application"). On March 9, 2010, the United States Patent and Trademark Office ("USPTO") suspended further prosecution of the '045 Application pending prosecution of Plaintiff's then-pending application for the MATERIAL GIRLS mark for use in connection with personal care products and other goods. On May 11, 2010, Defendant Material Girl Brand deleted the personal care products from this application. Attached hereto as Exhibit C is a true and correct copy of the '045 Application. Attached hereto as Exhibit D is a true and correct copy of the current Trademark Application and Registration Retrieval System record for the '045 Application.

27. On May 12, 2010, Defendant MG Icon filed an intent-to-use trademark application for the MATERIAL GIRL mark, U.S. Application Ser. No. 85/036,126, for use in connection with "Body lotions; Cosmetics; Perfume" ("the '126 Application"). On August 25, 2010, the USPTO refused registration of U.S. Application Ser. No. 85/036,126 on the grounds that this application was likely to be confused with the MATERIAL GIRLS® Registration. Attached hereto as Exhibit E is a true and correct copy of the '126 Application. Attached hereto as Exhibit F is a true and correct copy of the USPTO's refusal to register the '126 Application.

28. On August 26, 2010, Defendant MG Icon filed an intent-to-use trademark application for the MATERIAL GIRL mark, U.S. Application Serial No. 85/116,651, for use in connection with a variety of bed and bath furnishings and related goods ("the '651 Application"). Attached hereto as Exhibit G is a true and correct copy of the '651 Application.

29.  Defendants, without authorization or license from Plaintiff and after Plaintiff developed rights in the MATERIAL GIRLS® mark, use or plan to use the nearly identical mark MATERIAL GIRL in connection with personal care products and bed and bath furnishings.

30.  Defendants' actions, including the filing of the '126 and '651 Applications and Defendants' sworn bona fide intent to use the MATERIAL GIRL mark in commerce in spite of Defendants' actual knowledge of Plaintiff's MATERIAL GIRLS® Registration, illustrate Defendants' position that Defendants have the right to engage in use of the MATERIAL GIRL mark without authorization or license from Plaintiff.

31.  In addition to filing intent-to-use applications for MATERIAL GIRL, in which Defendants swore that they have a "bona fide intention to use the mark in U.S. commerce," upon information and belief Defendants have taken substantial steps to use the MATERIAL GIRL mark in connection with personal care products and have undertaken extensive planning and development efforts in connection with their planned use of the MATERIAL GIRL mark in connection with personal care products. Attached hereto as Exhibit H are true and correct copies of Internet print-outs claiming that Defendants are taking action to launch a fragrance product under the MATERIAL GIRL mark in early 2011. Defendants also have taken other concrete steps related to their planned use of the mark MATERIAL GIRL in ways that violate Plaintiff's common law and federally-registered rights.

32.  The mark MATERIAL GIRL is the singular version of the mark MATERIAL GIRLS®.

33. The marks MATERIAL GIRL and MATERIAL GIRLS® are identical with the exception of the addition of the letter "S" to MATERIAL GIRLS®.

34. The MATERIAL GIRL and MATERIAL GIRLS® marks are nearly identical in sight, sound, and meaning.

35. The MATERIAL GIRL and MATERIAL GIRLS® marks convey the identical commercial impression.

36. Defendants' use and promotion of the MATERIAL GIRL mark on personal care products and bed and bath furnishings, which are identical or closely related to the goods Plaintiff offers under the MATERIAL GIRLS® mark, is not only likely, but certain to cause confusion with Plaintiff's MATERIAL GIRLS® mark.

37. Due to Defendants' significant and widespread advertising and promotion of the MATERIAL GIRL mark in connection with some or all of the MATERIAL GIRL Brand Line of Goods, Defendants' use and similar promotion of the MATERIAL GIRL mark in connection with personal care products and bed and bath furnishings is likely to overwhelm the market, such that consumers and those in the trade are likely to be confused and to believe erroneously that Defendants are the owner of the MATERIAL GIRL mark or the MATERIAL GIRLS® mark and that Plaintiff is the junior user and/or infringer.

38. On October 13, 2010, with actual knowledge of Plaintiff's MATERIAL GIRLS® Registration, and with actual knowledge of the U.S. Trademark Office's determination of likely confusion with Plaintiff's MATERIAL GIRLS® Registration,

Defendant MG Icon contacted Plaintiff to discuss a business opportunity whereby Plaintiff would earn money by "working together" with Defendants.

39. On October 20, 2010, Plaintiff specifically objected and requested that Defendant MG Icon cease and desist its planned unauthorized use of the MATERIAL GIRL mark in connection with personal care products and bed and bath furnishing and related goods and to abandon the '126 and '651 Applications.

40. On November 4, 2010, MG Icon responded to Plaintiff but did not agree to cease and desist its planned unauthorized use of the MATERIAL GIRL mark in connection with personal care products and bed and bath furnishing and related goods or to abandon the '126 and '651 Applications.

41. Despite actual notice of Plaintiff's federally registered MATERIAL GIRLS® mark and Plaintiff's request that Defendants cease their unauthorized use and/or planned use of the nearly identical mark MATERIAL GIRL in connection with personal care products and bed and bath furnishings, Defendants continue to use and/or have continued to maintain a sworn intent to use the MATERIAL GIRL mark in connection with personal care products and bed and bath furnishings, all to the detriment of Plaintiff.

## COUNT I
### (Federal Trademark Infringement)
### (Lanham Act § 32, 15 U.S.C. § 1114)

42. Plaintiff restates and incorporates by reference the allegations in Paragraphs 1-41.

43. Defendants' unauthorized use and/or continued sworn intent to use the MATERIAL GIRL mark in connection with personal care products and bed and bath


furnishings is likely to cause confusion, cause mistake, and deceive as to the affiliation, connection, or association of Defendants with Plaintiff as to the origin, sponsorship, or approval of Defendants' goods by Plaintiff. This use and/or proposed use of MATERIAL GIRL constitutes trademark infringement under 15 U.S.C. § 1114.

44. Defendants' promotion and sale of some or all of the MATERIAL GIRL Brand Line of Goods in over 800 Macy's stores around the United States has overwhelmed or is likely to overwhelm the market for clothing and fashion accessories and, coupled with Defendants' sworn intent to use the MATERIAL GIRL mark in connection with personal care products and bed and bad furnishings, is likely to cause confusion, cause mistake, and deceive consumers by creating the impression that the MATERIAL GIRL mark or MATERIAL GIRLS® mark originates with Defendants rather than with Plaintiff. Upon information and belief, Defendants promote and sell and/or will promote and sell personal care products and bed and bath furnishings under the MATERIAL GIRL mark in an identical manner, therefore causing confusion, causing mistake, and deceiving consumers by creating the impression that the MATERIAL GIRL mark or MATERIAL GIRLS® mark as used in connection with personal care products and bed and bath furnishings originates with Defendants rather than with Plaintiff.

45. Defendants' infringement is willful, with full knowledge and in conscious disregard of Plaintiff's rights and with intent to trade off Plaintiff's goodwill in its MATERIAL GIRLS® mark.

46. Defendants' wrongful conduct has and will deprive Plaintiff of, among other things, the right to control the reputation and goodwill associated with its MATERIAL GIRLS® mark.

47. Defendants' unlawful actions have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined.

48. Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiff.

## COUNT II
### (Federal Unfair Competition)
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

49. Plaintiff restates and incorporates by reference the allegations in Paragraphs 1-48.

50. Defendants' unauthorized use and/or sworn intent to use the MATERIAL GIRL mark in connection with personal care products and bed and bath furnishings is a false designation of origin, false or misleading description of fact, and a false or misleading representation of fact.

51. Defendants' unauthorized use and/or sworn intent to use the MATERIAL GIRL mark in connection with personal care products and bed and bath furnishings is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff.

52. Defendants' promotion and sale of some or all of the MATERIAL GIRL Brand Line of Goods in over 800 Macy's stores around the United States has

overwhelmed or is likely to overwhelm the market for clothing and fashion accessories and, coupled with Defendants' sworn intent to use the MATERIAL GIRL mark in connection with personal care products and bed and bad furnishings, is likely to cause confusion, cause mistake, and deceive consumers by creating the impression that the MATERIAL GIRL mark or MATERIAL GIRLS® mark originates with Defendants rather than with Plaintiff. Upon information and belief, Defendants promote and sell and/or will promote and sell personal care products and bed and bath furnishings under the MATERIAL GIRL mark in an identical manner, therefore causing confusion, causing mistake, and deceiving consumers by creating the impression that the MATERIAL GIRL mark or MATERIAL GIRLS® mark as used in connection with personal care products and bed and bath furnishings originates with Defendants rather than with Plaintiff.

53. Defendants' unlawful actions have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined.

54. Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiff.

### COUNT III
### (Minnesota Deceptive Trade Practices Act)
### (MINN. STAT. § 325D.44, *et seq.*)

55. Plaintiff restates and incorporates by reference the allegations in Paragraphs 1-54.

56. Defendants' unauthorized use and/or sworn intent to use the MATERIAL GIRL mark in connection with personal care products and bed and bath furnishings and

constitutes unfair and deceptive trade practices under the Deceptive Trade Practices Act of the State of Minnesota.

57. Defendants' unlawful actions have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined.

58. Defendants have profited from their unlawful actions and has been unjustly enriched to the detriment of Plaintiff.

## COUNT IV
### (Common Law Unfair Competition)

59. Plaintiff restates and incorporates by reference the allegations in Paragraphs 1-58.

60. Defendants' unauthorized use and/or sworn intent to use the MATERIAL GIRL mark in connection with personal care products and bed and bath furnishings constitutes unfair competition under the common law.

61. Defendants' unlawful actions have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined.

62. Defendants have profited from their unlawful actions and has been unjustly enriched to the detriment of Plaintiff.

## COUNT V
### (Declaratory Judgment)
### (Declaratory Judgment Act 28 U.S.C. §§ 2201, *et seq*.)

63. Plaintiff restates and incorporates by reference the allegations in Paragraphs 1-62.

64. Defendants' MATERIAL GIRL mark so resembles Plaintiff's MATERIAL GIRLS® mark as to be likely to cause confusion, or to cause mistake, or to deceive.

65. Prospective purchasers are likely to believe mistakenly that Defendants' goods offered under the MATERIAL GIRL mark are produced, sponsored, endorsed, or approved by Plaintiff, that Defendants' goods are in some way affiliated, connected, or associated with Plaintiff, or that, due to Defendants' overwhelming promotion and planned use of the MATERIAL GIRL mark, that Defendants are the owner and senior and rightful user of the MATERIAL GIRLS® mark.

66. There is an actual and justiciable controversy between the parties concerning the Defendants' '126 and '651 Applications and Defendants' current and/or planned and imminent use of the MATERIAL GIRL mark in connection with personal care products and bed and bath furnishings.

67. To resolve this controversy, Plaintiff seeks a declaration that Defendants' use, impending use, imminent use and intended use of MATERIAL GIRL in connection with personal care products and bed and bath furnishings constitutes intentional and willful trademark infringement, unfair competition, and deceptive trade practices in violation of federal and state law.

## CONCLUSION

**WHEREFORE**, Plaintiff prays that the Court enter judgment:

1. In favor of Plaintiff and against Defendants on all of Plaintiff's claims;

2. Enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with Defendants, during the pendency of this action and thereafter permanently from:

    A. Manufacturing, promoting or selling personal care and bed and bath furnishings under the name MATERIAL GIRL or any other confusingly similar name;

    B. Unfairly competing with Plaintiff in any manner whatsoever;

    C. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's marks, symbols, labels, or forms of advertisement;

    D. Causing likelihood of confusion or injury to business reputation of Plaintiff's MATERIAL GIRLS® mark, symbols, labels, or forms of advertisement;

    E. Committing any other act or making any other statement which infringes Plaintiff's trademarks or service marks or constitutes an act of trademark or service mark infringement, contributory infringement, trademark dilution, or unfair competition under federal common law or Minnesota state law.

3. Requiring Defendants to deliver up, or cause to be delivered up, for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and all other materials in the possession or control of Defendant that infringe Plaintiff's MATERIAL GIRLS® mark;

4. Requiring Defendant to account for and pay over to Plaintiff the Defendant's profits and all damages sustained by Plaintiff;

5. Requiring Defendant to abandon U.S. Application Serial Nos. 85/036,126 and 85/116,651;

6. Finding that this is an exceptional case under 15 U.S.C. § 1117(a);

7. Awarding Plaintiff its attorneys' fees, treble damages, costs, and expenses pursuant to 15 U.S.C. §§ 1114 and 1117; and awarding Plaintiff such other relief as the Court may deem just and equitable.

Respectfully submitted,

WINTHROP & WEINSTINE, P.A.

Dated: November 8, 2010

Peter J. Gleekel, #149834
pgleekel@winthrop.com
Stephen R. Baird, # 214024
sbaird@winthrop.com

225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: 612-604-6400
Facsimile: 612-604-6800

Attorneys for Plaintiff Rwachsberg Holdings, Inc.

5588674v4